SUBIRANA ET AL. *v.* COLLAZO ET AL.

APPEAL from the District Court of Ponce.

No. 201.—Decided June 9, 1908.

PRESCRIPTION—ACTION TO COMPEL COMPLIANCE WITH COMPROMISE—NATURE THEREOF.—An action to compel compliance with the terms of a compromise is an action of a personal nature, and the prescription thereof is governed by the provisions of the Civil Code relating to personal actions without any special term for prescription.

ID.—LEGISLATION APPLICABLE TO THE CASE—DATE UPON WHICH SAME COMMENCED TO RUN.—Prescription is governed by the laws in force at the time prescription begins to run, as provided by section 1840 of the Revised Civil Code.

ID.—The prescription of an action to compel compliance with the terms of a compromise judicially approved, by reason of the intervention of minors, begins to run from the date of the order approving the compromise.

ID.—ALLEGATION SUFFICIENT.—Prescription having been alleged in the answer to the complaint, citing the sections of the Civil Code now in force and of the old Civil Code relating to prescription, the allegation as made is sufficient for the purposes of section 128 of the Code of Civil Procedure.

ID.—ALLEGATION BY DEMURRER—IN THE ANSWER—WAIVER.—The defendant does not waive prescription nor is he bound to allege it by way of demurrer, although it may appear from the face of the complaint, but he must expressly allege it, either by way of demurrer or answer, and, if he does not do so, he will be deemed to have waived the same.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

*Mr. C. M. Boerman* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

It is alleged in the complaint in the above-mentioned case that Edovigis Collazo y Rivera, widow of Antonio Franco Rivera, in her own right and on behalf of her then unemancipated minor daughters, namely, the defendants María Romona, Antonia Cayetana, Estefania, and María Zoila Franco y Collazo, entered into a compromise with José Vila Soler to put an end to the execution proceedings instituted by the latter against the former, for the recovery of the sum of 500 provincial *pesos,* with interest at the rate of two per cent per month, amounting to 54 provincial *pesos,* due up to June 30, 1886, such interest to accrue at the same rate until full payment. This debt was secured by a mortgage constituted by deed No 151 of May, 1882, executed before Notary Joaquín Mayoral of Ponce, and duly recorded in the Registry of Property of Ponce upon the following real property.

"An estate, having an area of about 17 *cuerdas,* or 7 hectares, 7 ares and 47 centares, planted in coffee, bananas, fruit trees, palms and pasture, with a frame dwelling house having a thatch roof, situated in

*barrio* Cayabu, within the municipality of Juana Díaz, at the place called Armarguras; bounded on the north by property belonging to Quintin Dávila and Pedro Antonio Rivera; on the east by the Guayo River; and on the south by property belonging to Angela de León and Andrés Corsino Franco; and on the west by property of Antonia Moreno."

That the terms of said compromise were embodied in an instrument signed by both parties and addressed to the Court of First Instance of Ponce, requesting the approval thereof, as minors were interested therein, which judicial approval was given by order of September 16, 1886, and is now final; that the said compromise was to the effect that, in payment of the principal and interest on the claim for 500 provincial *pesos* and costs incurred, Mrs. Collazo and her minor daughters aforesaid were to give the mortgaged estate, the subject-matter of the execution, which, for this purpose, was appraised at 1,000 provincial *pesos,* Vila agreeing to deliver to the other contracting parties any balance remaining after said sums had been paid; that the principal and interest due to June 30, 1886, amount to the sum of 554 provincial *pesos,* and the interest accruing from said date to September 16, 1886, to 25 provincial *pesos,* and the costs, according to taxation, to 170.59 *pesos,* of the same currency, the three items making a total of 749.59 *pesos,* which he deducted from the 1,000 provincial *pesos* at which the real property was valued, leaves a balance of 250.41 provincial *pesos,* equivilent to $150.25, which the plaintiff is ready to deliver to the defendants; that José Vila y Soler assigned the mortgage credit referred to, with all the rights and actions derived therefrom and arising from the said compromise, to Temístocles Laguna y Dapena, by public deed of August 19, 1887, executed before Notary Rafael León, duly recorded in the registry of property, notice of such assignment having been given to the debtors; that upon the death of Temístocles Laguna y Dapena he was succeeded under a closed will filed on August 12, 1901, in the office of Notary Rafael León, by his legitimate children, Mer-

cedes, María, and Temístocles W. Laguna y Dapena, who accepted the inheritance; that María with the authority of her husband, Ramón Dapena, assigned to Tomás Subirana y Mir, all her rights and actions in the estate of Temístocles Laguna y Dapena, by deed No. 247, executed before Notary Rafael León, under date of December 30, 1902; and that the plaintiffs have sought in vain to compel the defendants to carry out the compromise referred to by receiving the sum of 250.41 *pesos,* ($150.25), executing to said plaintiffs the deed of sale of the estates above described and placing them in possession thereof. On these grounds the plaintiffs prayed that the above-named defendants be compelled to carry out the compromise referred to, by executing the deed of sale of the estate described in favor of the plaintiffs, and placing the latter in possession thereof upon the payment of the sum of $150.25, with the costs against said defendants.

The defendants demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the lower court overruled the demurrer, and its action in this respect must be affirmed by this court, because there is no doubt that from the facts we have stated, which have been alleged in the complaint, there are sufficient elements to constitute the cause of action exercised by the plaintiffs.

The demurrer having been overruled, the defendants filed their answer to the complaint, in which they made the following allegations in their defense: 1. That the order of September 16, 1886, to which the complaint refers, was not final, and as the executory process was not prosecuted during the four years after April 27, 1888, the right of action to continue such process or to execute said order lapsed or prescribed in 1892, in accordance with the former Law of Civil Procedure; and, 2. That the action exercised by the plaintffs was extinguished by operation of law, in accordance with the provisions of section 1840 of the Civil Code, and articles 1939 and

1964 of the former Civil Code. On these grounds the defendants pray for the dismissal of the complaint, with the costs against the plaintiffs.

On August 27 last the district court rendered judgment in this case holding that the law and the facts were against the plaintiffs and in favor of the defendants, and therefore dismissed the complaint, with the costs against the plaintiffs, who appealed from said judgment to this Supreme Court.

We will consider only the question of prescription which, in our opinion, is the most important, inasmuch as we believe that it has been properly alleged and that it should be sustained.

The action prosecuted by the plaintiffs in this case is undoubtedly of a personal nature, inasmuch as it is demanded therein that the defendants be adjudged to carry out a compromise which, it is alleged, they were bound to do, this being an action that could never be directed against the property, but only against the persons of the latter; therefore, as the order approving said compromise is dated September 16, 1886, prescription commenced to run on that date, for which reason it is to be governed by the legislation prior to the Civil Code in force, according to section 1840 of the latter; and in view of the fact that between the year 1889, when the former Civil Code went into effect and the date when the complaint was filed, which was on March 19, 1907, a period has elapsed in excess of the 15 years prescribed by section 1964 of the said Code for the prescription of personal actions, where no special time of prescription has been fixed, which is the case in this action, it must be conceded, in accordance with the provisions of article 1939 of the said former Civil Code, that the provisions of said Code are applicable to this case, and consequently that the action exercised therein was extingushed or prescribed by express provision of law.

Notwithstanding this, the plaintiffs claim that the prescription has not been properly alleged, and that the defend-

ants did not conform to the provisions of section 128 of the
Code of Civil Procedure, which reads as follows:

"In pleading the statutes of limitations, it is not necessary to state
the facts showing the defense, but it may be stated generally that the
cause of action is barred by the provisions of law (giving the number
of the section and subdivision thereof, if so divided, relied upon);
and if such allegation be controverted, the party pleading must estab-
lish, on the trial, the facts showing that the cause of action is so
barred."

Nevertheless, the defendants, in alleging in their answer
that the cause of action had been barred by provision of law,
have clearly alleged prescription, inasmuch as they specifi-
cally cited in support of such allegation the sections of the
Civil Code in force and articles of the former code referring
to prescription, and the forming which they made such allega-
tion is sufficient, in our opinion, for the purposes of the pro-
visions of section 128 of the Code of Civil Procedure above
cited. The plaintiffs also maintain that as the facts which
serve as a basis for the prescriptions are alleged in the com-
plaint, such prescription should have been pleaded by demur-
rer and not in the answer, and as they failed to do so, it should
be held that the defendant waived the right to plead it; but
this is an error, because apart from the fact that prescription
is not expressly established as one of the grounds of a de-
murrer specifically enumerated in section 105 of the Code
of Civil Procedure, for which reason the defendant could
never be deprived of the right to plead prescription in his
answer, as he is not necessarily obliged to plead it in a de-
murrer; apart from this, we repeat, this court has established
a precedent on this subject in the case of *Guzmán* v. *Vidal,*
2 P. R. Rep., 407, in which the principle was established that
the plea of prescription had to be specifically alleged, and that
such allegation had to be made either by demurrer or in the
answer, which doctrine is in harmony with the provisions of
section 109 of the Code of Civil Procedure aforecited, in

which it is provided that if no objection be taken, either by demurrer or answer, the defendants must be deemed to have waived the same, excepting only such objections as are determined by said action.

Consequently, we are of the opinion that the defendants have with perfectly propriety pleaded prescription in their answer to the complaint, and as we have already seen that said plea should be sustained, there is no need of entering on a discussion of the other points alleged in defense in the said answer.

For the reasons stated we propose that the judgment appealed from be affirmed, with the costs against the appellants.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.